IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BANK OF AMERICA, N.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-cv-1027-MJR-PMF |
| | ) |
| MARK T. THIELEMANN, | ) |
| JOYCE A. THIELEMANN, | ) |
| and UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

This mortgage foreclosure suit was filed in Illinois state court by Bank of America, NA (BOA), successor to BAC Home Loans Servicing LP, formerly known as Countrywide Home Loans. The action was removed to this District in November 2011 by Defendant United States of America (USA), who has a federal tax lien on the subject property. The complaint alleged that Mark and Joyce Thielemann executed a mortgage and note in connection with the purchase of real estate in Collinsville, Illinois, that the Thielemanns failed to make monthly installments since April 1, 2009, and that the outstanding principal balance was roughly $145,000, with interest accruing on the note.

The USA filed an answer. The Thielemanns did not answer or otherwise respond to the complaint. BOA secured a clerk's entry of default under Federal Rule of Civil Procedure 55(a) against the Thielemanns on February 28, 2012. The default entry

constituted an admission by the Thielemanns of the complaint's factual allegations. All Unknown Owners and Non-Record Claimants were dismissed by Order of this Court dated February 29, 2012, Doc. 19, leaving the USA to contest liability, with bench trial set before the undersigned District Judge on December 17, 2012.

BOA and the USA now agree that no trial is warranted as to the claims between them. On November 6, 2012, they filed a detailed Joint Stipulation of Facts which contains "the sum and substance of all facts which would be proven by competent evidence at trial" and has been "submitted to this Court in lieu of presentation at trial in open court" (Doc. 29). The Stipulation contains the amount of the USA's federal tax lien, a "valid and subsisting lien on the subject property," and provides (as the record before the Court indicates) that the tax lien (recorded February 4, 2009) is subordinate to the Mortgage, and that "Plaintiff's Mortgage lien has priority over the USA's federal tax lien (*id.,* p. 3).

The undersigned District Judge has carefully reviewed the Stipulation, which is thorough and specific. It provides, inter alia, that the Thielemanns defaulted on the terms of the Note, Mortgage and Loan Modification Agreement, that they have failed to cure their default, and that the Thielemanns are obligated to pay the expenses of these foreclosure proceedings. The Stipulation contained amounts due from the Thielemanns to BOA as of May 2012. Those figures were updated when BOA moved for default judgment against the Thielemanns on November 20, 2012.

Federal Rule of Civil Procedure 55(b) governs motions for default judgment and has two subsections. Rule 55(b)(2) covers cases in which the damages are not a sum

certain or a sum that can be made certain by calculations. It allows the Court to conduct an accounting or set a hearing if needed to determine damages or establish the truth of any allegations. Rule 55(b)(1) addresses cases in which the damages are a sum certain or a sum that can be made certain by computation.

Under Rule 55(b)(1), default judgment "must" be entered if the defendant is not a minor or incompetent person, and the plaintiff supplies an affidavit showing the amount due. All prerequisites for default judgment have been satisfied here. BOA's claim is for a sum which can be made certain by computation, none of the Defendants is a minor or incompetent person, and BOA has furnished an affidavit as to the amounts due (*see* attachments to Doc. 31). The record indicates that as of November 20, 2012, the amount of the Thielemanns' default is $194,166.33, a figure comprised of components set forth at Doc. 31-2, p. 2.

Having reviewed the pleadings and the ample supporting documents, the Court **GRANTS** Plaintiff BOA's combined Motion for Default Judgment against Joyce and Mark Thielemann and Motion for Entry of Judgment of Foreclosure and Sale against the Thielemanns and the USA (Doc. 31).

The Clerk of Court **SHALL ENTER JUDGMENT** in favor of Plaintiff Bank of America and against <u>Defendants Mark T. Thielemann and Joyce A. Thielemann</u> in the total amount in the amount of **$194,166.33** (the total due as of November 20, 2012). That total consists of $177,857.62 in unpaid principal and interest, $1,417.00 in attorney's fees and costs, $14,216.71 in advances for real estate taxes and insurance, and $675.00 in

property inspections and title fees. Additional interest shall accrue at a rate of $26.7004 per diem.

The Clerk of Court also **SHALL ENTER JUDGMENT** in favor of Plaintiff Bank of America and against Defendant United States of America as to the federal tax lien on the subject property, to the extent that the complaint sought a finding (and the parties have stipulated) that the USA's tax lien is a valid and subsisting lien on the property but is subordinate to the mortgage lien held by Plaintiff Bank of America.

Finally, the Court **GRANTS** Plaintiff's motion to appoint a special commissioner (Doc. 32) and hereby **APPOINTS** The Judicial Sales Corporation, One South Wacker Drive, 24th Floor, Chicago, Illinois 60606, as special commissioner in this matter for the purpose of conducting a public foreclosure sale on the real estate at issue in this action pursuant to 735 ILCS 5/15-1507 and 28 U.S.C. §§ 2001(a) and 2410(c), in accord with the terms set forth in the Judgment of Foreclosure and Sale.

The Court **CANCELS all settings herein**, including the December 7, 2012 final pretrial conference and the December 17, 2012 bench trial.

Having granted the motion for default judgment as to the Thielemanns, having granted the motion for entry of Judgment of Foreclosure and Sale as to the Thielemanns and the USA, and having appointed a special commissioner to sell the real estate, the undersigned District Judge will enter a separate Judgment herein, after which all post-judgment matters relating to the sale of the property shall be handled by (and are hereby **REFERRED** to) the Magistrate Judge assigned to this case, the Honorable Philip M. Frazier.

IT IS SO ORDERED.

DATED November 27, 2012.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge

5